811 F.2d 606
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William E. MARTIN, Plaintiff-Appellant,
v.
Sgt. Earl P. KELLEY; Ronald C. Marshall; Richard P.
Seiter; Lt. Donald W. Neal; Terry L. Morris,
Defendants-Appellees.
 No. 86-3049.
 United States Court of Appeals, Sixth Circuit.
 Dec. 11, 1986.
 
 Before JONES, Circuit Judge, CELEBREZZE and PECK, Senior Circuit Judges.
 
 ORDER
 
 1
 The pro se appellant, William E. Martin, is appealing the December 30, 1985, order of the district court dismissing his civil rights complaint. Appellant's complaint raises First Amendment free speech and Fourteenth Amendment due process challenges concerning the censorship of printed materials. Both sides have filed briefs.
 
 
 2
 The case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the briefs, documents filed on appeal, and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The appellant is an inmate at the Southern Ohio Correctional Facility. He filed this action pursuant to 42 U.S.C. Sec. 1983 alleging his rights were violated on several occasions when he was not permitted to receive certain printed materials and tapes. The appellees filed a motion to dismiss alleging that the appellant was afforded adequate remedies at state law. Parratt v. Taylor, 451 U.S. 527 (1981).
 
 
 4
 The Sixth Circuit recently decided another case filed by this same appellant. Martin v. Kelley, No. 84-3907 (6th Cir. October 8, 1986). Martin involved a letter written to the appellant on Ku Klux Klan letterhead and "intercepted" by an assistant mail supervisor. The Court found Administrative Code Section 5120-9-31 to be deficient under Procunier v. Martinez, 416 U.S. 396 (1974) because it does not address the need for notifying the inmate of the rejection of his claim. The Court reiterated the holding of Martinez and stated that "(1) notice [must] be given to the inmate of the rejected letter; (2) a reasonable opportunity [must] be given to the author of the letter to protest the rejection decisions; and (3) complaints concerning the rejection [must] be reviewed by someone other than the individual who originally rejected the letter." Procunier v. Martinez, 416 U.S. at 418, 419 (1974); Martin v. Kelley, slip op. at 11-12.
 
 
 5
 The appeal does not involve letters, but printed material which the appellant alleges was unconstitutionally withheld. He also claims he was not afforded the review mandated by Administrative Code Section 5120-9-31.
 
 
 6
 In view of Martin v. Kelley, this case should be remanded to review the present claim in light of the Martin decision.
 
 
 7
 Accordingly, it is ORDERED that the case is remanded to the district court for further proceedings consistent with this order. Rule 9(d)(4), Rules of the Sixth Circuit.